We'll call the first case. Case number 13-2205, People v. Michael Pitts. Could both attorneys step up that are going to be arguing today? Brian Carroll for Mr. Pitts. Mr. Carroll. Assistant State's Attorney Anthony O'Brien for the People. Mr. O'Brien. Before we have you two sit down, one preliminary matter. If there was a motion to cite additional authority, the response is technically due tomorrow. Mr. Carroll, do you have any objection to? No, we have no objection. All right. So then the motion will be allowed, and if you wish to file some sort of a written response, you may. All right. And each side will have approximately 15 minutes to present argument. From that, Mr. Carroll, you may save out some time for rebuttal. Please, the Court. I will be addressing the second argument raised in Mr. Pitts' brief. If you have any questions on the first issue, I'll be happy to answer those as well. Mr. Pitts' motion to suppress should have been granted because the State failed to establish that the search warrant for his house was backed by probable cause. The only justification the State offered for the search was the written warrant and complaint. However, the trial court found, and the State does not dispute, that the signed warrant and complaint presented at the suppression motion does not establish probable cause. The State did not below, and does not now on appeal, claim either that exigent circumstances justified the search despite the faulty warrant or that the police executed the warrant in good faith. Rather, the State claims that there was a missing piece of the complaint and tried to prove it up at the suppression hearing. Is the rule of the court's restoration rule, you say in your brief that it's mandatory. I believe under our Supreme Court's decision in Wells, it is, Your Honor. Well, in that particular statute, the language uses the word may, that a petitioner may petition the court. Isn't that a general legislative indicator that this is not a mandatory statute? Well, I guess the Supreme Court's holding was that in order to, well, it's stated that in order to restore a missing warrant, the procedure, the procedure is set out by the Act. It didn't say that's a procedure. It stated it's the procedure. It did say it was the procedure under the Act. Correct. And they were talking about it in the discussion regarding that particular case where there was a search warrant that was, didn't exist, at least in any physical form. Yes, well, just as in this case, the State failed to prove it exists. So in that case, they said that, I think there was this suggestion. The defendant asked this court to establish a bright line rule for a search warrant to be justified by a warrant. The State must produce the warrant or a reliable copy of that warrant in hearings before the circuit court. And they said, we decline to write such a rule because it would frustrate an Illinois statute that allows a circuit court to restore documents under certain circumstances. So what do you think the court was talking about when they said they would not create a bright line rule regarding producing the warrant, the actual warrant, or a reliable copy? I mean, they meant just what they said, that you don't have to have a physical copy of the actual warrant or a physical copy of a reliable copy of the warrant. What do you think a reliable copy would be? A copy of what was actually, I would say, a photocopy of the signed, of whatever the magistrate signed. Not the actual document itself, but a copy of that document. But in order to be a reliable copy, the State still has to prove up it's a reliable copy. That's where the act comes in. And is it your understanding that when the State seeks a warrant from a judge, that they execute more than one copy? In other words, does the judge sign multiple copies? Or is it your understanding that only one search warrant is executed, then a copy has to be delivered upon the person served? But is it your understanding that that copy that they would deliver to the address is actually an executed copy? One where there's signatures of the judge? I think it has to be a copy of the executed warrant, not just a copy of what allegedly was presented to the judge. Okay. You have to prove up what was actually presented to the judge. So it's your understanding that actually they have executed copies? So it's a copy of a signed warrant and the complaint signed. The copy would be of that, as opposed to only one executed search warrant. Only one complaint is ever signed by the judge. I mean, that's my understanding. But what the State has to prove is what was actually executed. And that's what is at issue here. Counsel, can we just get back to Wells just for a moment? So Justice McBride has some questions with respect to the court's determination or declination to create a bright-line rule. And in the very next paragraph in the opinion, the court recognizes that courts have inherent authority to restore court records. How do you reconcile what you indicate is a mandatory act with the court's inherent authority to restore records? Well, the courts have authority to restore records. And the act sets out what procedure the courts should follow in order to exercise that authority. Is it your position that if the court, or if any court, should fail to comply with any aspect of the act or the requirements of the act, then the court would then be divested of that authority to restore a record? I think, yes, under the Holden and Wells, I would argue that the court held that that's the procedure. Under Illinois law, that is the procedure to introduce or to restore an act under the evidentiary laws. And if the state or the court doesn't follow that, then the court abuses its discretion. I mean, in Wells, the court was affirming the circuit court, so it wasn't necessarily presented with a situation where a court didn't comply with the act. Well, it wasn't the court complying with the act. It was actually the petitioner in that case was the state's attorney. The warrant was apparently or allegedly issued some 27 years before. That document was nowhere to be found. There was no copy. There was nothing. And the court reviewed whether the trial court had abused its discretion when it conducted a hearing and determined that the evidence presented under the act was not sufficient to create or to restore this alleged search warrant. So, I mean, I think your reading of the Wells case is a little stronger than it is. But let's go to the federal rules of evidence. I agree that the court said in Wells that the court has an inherent authority to restore its documents. Then it said further the act permits this. So I think that if you read it that way, they're saying the court always has the inherent power to restore its own documents. Further, there's an act that permits this. But what about the federal rules of evidence which provide and which we adopted in 2013? That a duplicate is admissible to the same extent as the original unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate. Is this a duplicate? The state didn't prove it's a duplicate. Well, in the cases that have, you know, referred to the rule, a copy is a duplicate. Is it your position that because this copy doesn't have the signature of the judge that that's what makes it? No, it's not. We don't know it's a duplicate because no one with personal knowledge of what was presented to the judge ever testified. We don't know if this page was ever given to the judge. So there's no evidence whether it's a duplicate or not. So there, I mean, that's a, I mean, we don't even get to that point. First, the state has to prove that this document is a copy of what was given to the judge. No one testified to that. That's right. The testimony was the court basically looking at the document, looking at the original search warrant. The actual search warrant is in the record. Yes. And then the original first page of the complaint for search warrant was also produced. It was the second page that the state put forth a copy of. So the judge in this case, as I recall, what he did was the state's attorney said, well, we've lost the copy. The officers cannot find the copy. First of all, that copy or the original record, I misspoke. The original is supposed to be filed with the court. It's not supposed to be kept anywhere else. Correct? That's my understanding, yes. Well, that's what the statute provides. So in this case, what the judge did was he looked at the second page, the alleged second page, and he compared it with first page and the search warrant itself. They all had certain legends notated on them. And after he reviewed the legends that were the same, specifically the date, the time, the search warrant number, and the assistant state's attorney who apparently approved the warrant for the officer, for then the officer to appear before Judge Fletcher. So he, in considering all of the documents together, said it was one, and he accepted this as a second page. I mean, is that kind of what he did at the? Yes, Your Honor. However, I mean, the handwriting on the page, that state's attorney never came in to testify. We don't know what that writing actually signifies. At the most, it shows that that page was shown to a state's attorney the day before the warrant was issued. I mean, that would be like me trying to prove up that I filed a brief on time by showing that the day before I handed a draft to my supervisor for proofreading. It doesn't prove anything. Okay. At the hearing, did Mr. Cloak, I think that's who the defense attorney was. Yes. He did ask to have the officer called, didn't he? Yes. Did he ever mention the restoration of the records of the Circuit Court Act? I don't believe he cited the act specifically, Your Honor, in his motion. But he did argue that the court shouldn't consider it because there's no proof it was actually submitted to the judge. It was actually the state that introduced Wells into the argument in their motion. Would you consider this a court record? The part of the warrant? Yes. Yes. All right. So what about this other section of the restoration of the records of the Circuit Court, specifically Section 3? It follows 2, which says in case of the destruction by fire or otherwise of the records of any circuit court, the judge of any such court may proceed upon his own motion or upon the application and writing of another party to restore the records of the court. Does that change anything? No. And why not? If the court has the power under the statute to restore its own records. Well, due to fire or otherwise. Otherwise. Well, whereas the proof was destroyed. We don't even know it existed yet. No. Destruction? No. Okay. So there's your response. My response is the state hasn't failed to prove that the second page was submitted and lost. We don't know if it even was submitted yet. So what you're getting at is that's putting the cart before the horse. Okay. Now what about the suppression of the evidence? Do we look at this case as a motion to suppress evidence based upon a defective warrant? Yes, Your Honor. All right. So are we going to review the facts that the court made for manifest weight or are we going to review this entire matter de novo? It was the denial of a motion to suppress. Yes. I think this is truly an evidential matter. Our argument is that the court didn't have the discretion to consider the second page outside the context of the act and therefore it was error for the court to consider that evidence. And so this court in reviewing whether or not the motion to suppress should or should not have been granted is de novo based on the competent evidence that was before the court excluding this page. Should we affirm or should we rather reverse and exclude the evidence without a finding that there was some sort of bad behavior on the part of the police? Or you don't really talk about that, do you? Well, the state's sort of modified good faith argument is sort of a red herring here. Whether or not the police have bad faith in their document storage is irrelevant, but the question is was the warrant executed in good faith? Now the same police officer who submitted the warrant to the judge is the same one who executed the warrant. So he would have known whether or not that second page was submitted to the judge, and if it wasn't submitted to the judge then he could not in good faith execute the warrant on the basis of some good faith belief that it was submitted. So whether or not the police lost, you know, innocently lost this page or not is irrelevant. The question is whether or not the execution of this faulty warrant was done in good faith. Not even the state argues that it was. Counsel, do you think that the record is sufficiently developed to reach all of those conclusions you're reaching? Yes, Your Honor. I mean, it was the state's burden to prove up the warrant and prove up any, like, good faith. My question is it would normally be the state's burden first to come forth with some proof of probable cause. If we agree with you that they did not do that, the next step, which they never had to reach in the trial court because they found that there was probable cause, the next step would be to argue whether the exclusionary rule should apply, right? Well, if the, yes, the state never made the alternative argument that, and it doesn't make that argument now, that it doesn't, we in our opening brief asserted that the faulty, the warrant was faulty and the police could not have had good faith in executing it. And the state does not dispute that and therefore essentially conceives that issue. So there's no point in sending it back down to that determination for an issue that the state doesn't. If there's no probable cause, if there's a good faith exception, we don't, we do not use the exclusionary rule, right? That's correct, Your Honor. However, we've, the state doesn't dispute that there was no good faith in the, in the. I mean, there's no reason in the trial court for the judge to reach that question because he ruled against the defense on the question of whether there's probable cause. But had he done so, wouldn't the next step have been to determine whether there was a basis for exclusion? Do you think it's an automatic exclusion just because the second page, if we agree that there was, that the second page was not restored, if we agree that, I think everyone would agree that without the second page there's probably no probable cause, is the automatic next step suppression? I think in this case, yes, because the state's full, I mean, they put all their eggs in the, the second page was submitted to the judge basket. I mean, they, they didn't allow for any other argument. And again, in our, now in appeal, the state doesn't dispute our claim that there's no good faith exception. Didn't they argue good faith? They argued good faith in using the document, not good faith in executing the warrant. They don't dispute our claim that there was no good faith in executing the warrant. Those are two complete different issues. Well, was there some statement that the document was lost, that the police officers couldn't find any copy of the second page? There was no testimony or affidavit stating that. Did someone, did the assistant state's attorney say in open court before the judge that they, the police officers couldn't locate the second page, so he or she went to the felony review office and obtained what appeared to be a copy or what was purported to be a copy of the second page? They, you know, stated that the police didn't find a second page and that they got any page from felony review, but there's no affirmance that the second page was ever. Doesn't the, doesn't that judge who issued that warrant have a statutory and constitutional duty to only issue warrants based on probable cause? Yes, Your Honor, but if. All right. Well, doesn't the statute and the Constitution require that Judge Fletcher has no business putting his name on a warrant unless and until there's a complaint before him, an officer is sworn, the information in the complaint contains probable cause, and then and only then may that trial judge issue the warrant? That's what they're not supposed to issue warrants without probable cause, but as we all know, that happens quite often. What happens quite often? I mean, there are plenty of cases in which warrants were issued without probable cause. I mean, that's. All right. Well, putting that aside, let's assume for purposes of this case that when Kenneth Fletcher signed the warrant that he had a complaint before him that contained two pages and the second page was this purported copy. Now, do you agree with the lawyer that tried the case that the second page would have supported that probable cause? Yes. All right. Now, in this Vera case, one of the issues was whether the trial judge who issued the warrant actually accepted or that there was an actual oath or affirmation that the complaint was true and correct and sworn to before the judge. How would you distinguish that case? Because that's not a lost warrant case. We're not arguing that it's the lack of a signature on this copy, this page, that's a problem. Our argument is that there's no evidence that the page was ever given to the judge in the first place. All right. So do you think that this record shows that the judge actually issued this warrant without a second page? I think that's the only fair interpretation of this record. So doesn't that sort of suggest many things that are wrong? I mean, do you think there's an equal inference that the judge issued the warrant presumably based upon probable cause? No, Your Honor. I mean, if you can't say, well, things are supposed to be done correctly, so we must assume that they were done correctly. I don't think that's a logical inference. If that was the case, I mean, there would be no cases before this Court. Does it matter that the documents according to the trial judge actually seem to correlate with each other because they have the date, time, search warrant number, and the assistant state's attorney's name all on the three pages? No, Your Honor. Again, those dates are all the dates before the warrant was issued. The state's attorney's signature, again, he never testified. We don't know what it actually signifies. It states the date before the signature. All that shows is that this page was at most it shows that this page was shown to a state's attorney. None of the evidence shows what was actually submitted to the judge. Counsel, I'm sorry. No, go ahead. You indicated that the officer who, in fact, presented the complaint before the judge who issued the alleged warrant, as well as having executed the warrant, was present in the courtroom, or was present or was available to testify. I'll put it that way. May have been available to testify. Had such testimony been given, would that have cured any defect? In theory, judges aren't, or the magistrates aren't, in general, bound by the four corners of the complaint. But in this case, we know that the issuing of probable cause, or the finding of probable cause was based exclusively on the complaint because the judge said so. On the top of the search warrant, it says, On examination of the complaint, I find that the state's facts sufficient to show probable cause. It makes no claim that the judge questioned the officer or considered any other evidence, and the state didn't provide any evidence of what went on. So, no, in this case, it should focus on the four corners of the signed complaint. Do you think that the Wells case supports the idea that a judge has the inherent power to correct or restore documents that are lost or missing? Yes, as long as the procedure of the act is followed. What about the language that says that a court always has, or courts of record have, inherent power? Well, I think, I mean, the fact that the court has inherent power doesn't mean that certain procedures don't have to be followed. Right. Is it notice that the common law wasn't notice the primary requirement that if the court was going to restore a document, any interested party had to have notice to be there when a court would restore something? Yes. But, I mean, again, the Supreme Court in Wells states that to restore a lost warrant, it's the act, it's the means. I mean, it's no different trial courts have the power to accept evidence, but they still have to follow the rules of evidence. No difference. May I, just last question, would you oppose, since it seems that there was no request, no one ever suggested, the words courts restoration records act was never even mentioned anywhere in the trial record, that perhaps, and if it's mandatory, which I don't think it is because the language says, you know, a party may, but would you oppose an evidentiary hearing then and a remand and then appropriately a hearing to determine whether, if it came to that, whether the evidence should be excluded? I think that would be inappropriate in this case. We'd just be giving the State another bite of the apple. I think they had their chance below and they missed it. Is this like double jeopardy or something? No, it's not double jeopardy. What would be the error when you're suggesting that someone, it's not a do-over because there was never any mention of the act. Well, it's a do-over in terms of getting this page before the court. I mean, it's no different if a defendant failed to, you know, properly impeach a witness because they didn't give the, you know, they didn't give the State proper notice of the prior statement to be used or something. We wouldn't come up here and say, hey, give him a do-over so he can follow the process. Those words, I suppose, are a little bit ill-chosen by myself. But in terms of the exclusionary rule and the most recent Supreme Court pronouncement in LeFlore, doesn't this record at a minimum suggest that there would need to be some kind of hearing to show that the officers acted in bad faith, that their conduct was, or that actually their actions were more like misconduct in order to exclude the evidence? Because if nothing else, the record shows that this trial judge, who wasn't asked to do a hearing under this act, made certain determinations. And he concluded that the second page was actually the second page that was presented to the judge. So based on that, wouldn't it be appropriate for us to, if nothing else, remand for a hearing to determine whether the exclusionary rule would warrant the justification of excluding the evidence? Well, I guess it depends on what you mean by good faith in doing what? Well, you have to at least show a reason for the exclusionary rule's use. I mean, that's what all the cases teach us. Based upon this record, there's actually a suggestion that the officers executed a warrant with a second page that the judge signed a warrant based on probable cause. I hesitate to make a determination that the judge in this case, Ken Fletcher, signed a search warrant that didn't have probable cause in it. I mean, we're going to presume on this record that the Court didn't follow its statutory and constitutional obligation to issue only and execute a warrant based upon probable cause? So I think there's enough here for us to then further perhaps at least infer that the officers, when they executed that, they were executing a warrant based on a two-page complaint, not a one-page complaint. Well, Your Honor, my position is that Pitts showed below that the state doesn't dispute that, that the signed warrant complaint doesn't show probable cause. That put the burden on the state to produce evidence that an exception applies so that the exclusionary rule shouldn't apply. They chose not to do that. They chose instead to try to prove out this allegedly second page. So the remand you're proposing I think would be unfairly given the state a second bite of the apple. So I don't know if you have any other questions. I'll just ask this Court to either reverse the dismissal of the denial of his motion to suppress and then overturn his convictions outright due to the lack of evidence, or vacate his UUW felon convictions under Argument 1 and just correct the myth to show the remaining Class 3 position of defense firearm conviction. All right. We'll save you some time. We will allow some time for rebuttal, Mr. Carroll. Mr. O'Brien.  May it please the Court. The Circuit Court properly denied the motion to dismiss. The underlying question, Your Honor, is an evidentiary issue about whether the Court used the unsigned copy of the second page of the complaint retrieved from felony review. They rightly used that as a reliable copy of the second page of the complaint. What's your understanding about how once a warrant is signed by a judge and the complaint is signed by a judge, is it your understanding that then copies are made of the executed documents or are copies made of what would be unexecuted documents? You know, I suppose it depends. I mean, if it's an urgent matter and they don't have copies to make, they'll go out and they may provide, you mean like when they go to serve the warrant, when they go to execute it? They have to deliver a copy to the person or place. Right, to the person who was over. Yeah, they have to file the original and the complaint with the Circuit Court clerk. That's mandatory. And I just want to know if it's your understanding that they make copies of these executed copies or if they make a copy once there's a search warrant requested and the complaint is signed. You know, I suppose it depends. I guess they could make photocopies. Other times they may not. I'm not aware of what the actual procedure is. It doesn't have a signature on it of the judge, does it? Right, no it doesn't. But the actual first page does have the signature, but that's the original first page, isn't it? The original and the search warrant, the original search warrant and the first page of the actual complaint for search warrant are in existence. Right. And they contain a signature of Judge Ken Fletcher. Do they not? They do. All right. But this second page does not contain a signature, the copy that was. . . Right, the one from felony review does not. Okay. Okay. Your Honor, I do not believe that the Restoration Act that the defense is relying on is mandatory. Your Honor noted the permissive language in it that a party may use this act to restore a document. But wasn't this in fact a sort of informal request to restore a document? You could say it's an informal request, and in fact really what the act provides for, which is a judicial finding that one document can substitute for another, that it's a reliable replacement, is exactly what happened. There was a judicial finding on it. Was there an evidentiary hearing, though, or was it just a judicial determination that these pages look like they should go together and so they go together? There was an evidentiary hearing insofar as the judge looked at it and examined the documents. I mean that, for example, to authenticate a document, you don't have to have testimony. The fact finder can look at a document, compare its contents, its appearance, its internal patterns, how it relates to other documents and make a finding. You don't have to have testimony. Do you have to have testimony that a signature of some individual appears to be the same signature on a document? Do you have to have expert testimony in that regard, or do you even know? I don't think you have to have expert testimony. It's a question of fact, if the fact finder finds it reliable. So this is an evidentiary issue in whether the court abused its discretion in what it did. The trial judge can just look at a document with no evidentiary context, no sworn testimony, affidavit or anything, and just say this looks to be part and parcel of the same document, so I'm going to admit it as such? I think so. Do you have any citation for that? Do you know any case that says that? No, but I do. I mean, you can rely on the rules of evidence that say that as far as authentication, I mean, the rule is I think it's 901. It says to authenticate a document, the trier of fact can examine the document, compare it to others, look at its internal patterns. And that's what the judge did here, right, is that he looks at the legend that's on one page and sees that the same one is contained on the copy that's retrieved from felony review. If you looked at the signed first page, it ends mid-sentence. It doesn't end with punctuation. Clearly, this is going to a second page. You have the next page, and it picks up where the first one left off. I mean, these seem very consistent. So the judge essentially is authenticating the document. And the Restoration Act doesn't require witnesses to take the stand. It just, in fact, is very low standard. It just says to the court's satisfaction. So it doesn't require testimony. You're saying that you complied with the Record Restoration Act? Well, I'm saying, Your Honor, as I asked, was it an informal hearing? I mean, we got what the Act is looking for, is a judicial determination. Do you think it was incumbent on the State to establish that that second page was viewed by Judge Fletcher? Oh, I'm sorry. Is it incumbent on the State to prove that? Yeah. I don't think you have to, Your Honor, insofar as if you restore the document. And if there's even a case, I think it's Lavallee out of the First District, where you have a complaint for search warrant where only the first page is signed, and the defense complained that the second page wasn't signed, so therefore you couldn't prove the judge looked at it. And the court held, as long as there was a signature on the first page and the document appeared that it would continue to a second page, as our document does here, that you can safely conclude that the court examined both pages. So we have a signature in this case on the first page. We have a document that's clearly going to a second page. I mean, if you look at the first page of the complaint that's signed, there's no prayer for relief in there. There's no request for a warrant. This is clearly an incomplete document. There's something more that it's going on to. So I think it's very safe to conclude, very reasonable to conclude, that it was put before the judge. And the manner in which the circuit court analyzed it was acceptable. Was there any real showing, though, other than a flimsy statement that, well, you know, they can't find it, so we think it's lost? Oh, yeah, I wouldn't say it was a flimsy statement, because, you know, the prosecution presented this document in discovery. So if we were misleading or trying to hide something, we're subject to sanctions by what we're doing. So this was a very serious statement that was made by the prosecution in the documents that we were tendering. All right, well, let's talk about the Act then. You said you don't think it's mandatory. If it is mandatory, was there a substantial compliance with this where the – I mean, would you suggest there was substantial compliance because there was – the papers were basically thrown up to the judge, and then he said, well, I've looked at the third page, and the search warrant and the first page have a certain legend. Date, time, place, search warrant number, and then the name of an assistant state's attorney. The second – the first page of the complaint had that same legend. The third page had that same legend, and then the court said it appears that the third page does follow the second page. Oh, absolutely. I mean, there would be substantial compliance with it. The only thing that would be missing is that we didn't prepare a formal written motion. But I would say that part of the reason for the formal written motion is that the Act is assuming this document doesn't exist, and we really don't know what it says. In this case, we have – we're presenting a document that we're saying, this is the missing second page. This is what it provides, and this is what it says. Here's the probable cause that that's missing. And as I said, you have the state's attorney putting their own license on the line by presenting matters in discovery, saying that they believe this is the document that was misplaced. I'm sorry, Your Honor, I want to cut you off. You have a circuit court going through a proceeding that is contemplated in really what would happen under the Restoration Act, where they're comparing documents and where the court feels to its satisfaction, and that's the only standard in the statute, that this is a reliable substitute for the lost or destroyed original. So there's absolutely substantial compliance, even if it's mandatory. Anything further? What about the exclusionary rule? Your Honor, in this case, I guess I do believe that if this court were to find that the court erred in its determination about including the missing second page, that you would have to have – I mean, right here, there's no evidence really of bad faith by the police. There's a very strong suggestion that the police did do what they were supposed to do, that the judge did make a correct probable cause determination before issuing the warrant, that we can't assume that the police were acting in bad faith. I mean, and really the standard is they had to have been acting deliberately, recklessly, or with gross negligence. Well, there has to be some systematic record-keeping problems on the end of the Chicago police. And here we don't have any of that. None of it is in the record. You didn't make those arguments below, did you? No, because your Honor had mentioned before, it never got to that, right? This was all oral, right? There were no briefs filed below? That's my memory. I believe so. You just stepped up and argued it. Right. But there was no mention made of it as a backup argument by the state, that I could see at least. Oh, for having essentially exclusionary oral hearing? Yeah. No, there wasn't. But I just don't believe it ever got to that point. I mean, had there been the finding that this could be subject to suppression, then you would have a second hearing to determine whether any of the good faith exceptions apply to this. Wasn't there a written response to the motion to quash and suppress? Did the state file a written motion? I can't recall if we did file a written motion. We may have. I think we did. And then, wouldn't it have been a very simple matter to just have that officer there and just put him on and say how this thing was supposedly lost? Your Honor, yeah, it would have been simple, absolutely, because the officer did testify at trial. I think it's Officer Napoleon that he testified at trial. But interestingly, the defense never asked him a single question about this at trial. So there's no gaps filled in by the state either then regarding this lost warrant? Oh, no. I mean, by the state? Well, you provided the gap. We provided the missing gap. You said they never asked any questions at the trial related to this issue, but the state didn't also fill in any gaps at that hearing either, the trial, I should say. Yes, Your Honor, because the court was satisfied with the document that was presented to it. It never got to the need to call the officer. The court was satisfied and was able to authenticate the document based on what it got. Was there ever any dialogue or discussion during the proceedings with the defense requesting that the state proceed pursuant to the Act? I don't believe so, Your Honor, that the state has to follow the Act. I know what you believe, but I know you don't believe that the state has to follow it. My question was whether or not the defense counsel had at any point requested of the state that you proceed pursuant to the Act. I don't believe that the defense had requested it, Your Honor, no. So there was no mention of it? Not that I recall that they had asked for it, Your Honor. Well, I don't think there's a mention of the Act in the record from what I've reviewed. But let me ask you this. What do you think that the Illinois Supreme Court was saying in Wells when they said, first of all, they went through this entire evidentiary hearing that the judge had in that case. And as I recall, the officer there who said he was able to have a search warrant signed by a judge after presenting him with a complaint, first of all, that search warrant was never located, never found. There was no copy. And then the search for the complaint that they produced, the state, through this officer Light, I think his name was, he actually conceded that he wasn't sure that the complaint that he was relying on was even the complaint he presented to the judge who at that time had died and was not available for a hearing. Anyway, so the Supreme Court went through this whole evidentiary hearing and they said that the trial judge did not err in concluding that there was not sufficient evidence under the Courts Restoration Act, Courts Records Restoration Act, to restore this purported search warrant. Then they went on and they said, defendant asked this court to establish a bright line rule that for a search to be justified by a warrant, the state must produce that warrant or a reliable copy of that warrant in hearings before the circuit court. So they said we decline to write such a rule because it would frustrate the Courts Restoration Act and we conclude if the original search warrant is lost or destroyed, the prohibition against unlawful searches and seizures will not be undermined by proof that the search warrant existed at one time. So my question to you is what do you think the Supreme Court meant or what were they talking about when they said we're not going to draw a bright line rule regarding the actual warrant or a reliable copy? What do you think they meant by reliable copy? Do you have any idea? I think it could be a situation like we have here. I don't think the court wanted to have this rigidity that you had to have the circuit courts have retained their inherent authority to make evidentiary rulings, that there may be missing records, things may be imperfect, and that you can have reliable substitutes. Because the circuit court is a fact-finding body. It can compare documents, it can make conclusions, and that way you're not binding them to say that unless you produce originals, then the search is going to be subject to attack. So I think the purpose of the court's statement was to retain the circuit court's powers of fact-finding body and allow the flexibility to resolve situations such as the one that we have here. So why do we have this act? Your position is that if somebody wants to restore a document, there's two avenues they could take. They could take the Court Records Restoration Act, or they could just go through the court's inherent authority and the court can just do whatever they deem in their discretion to be necessary to restore that document? Actually, Your Honor, I think there's even a third route. I mean, Illinois Rule of Evidence 1004 says if you have a lost or destroyed original, a court can consider other evidence to establish its contents. There's a lot of avenues to do it. Why do we have the statute? I mean, it's an old statute. I mean, this may not have kept pace with the way the rules of evidence have changed. I mean, Illinois has enacted the rules of evidence. You know, since that statute has been enacted, so these may be a little bit in conflict. But I don't think the statute is there to bind or to restrict the powers of the circuit court to make what is really a straightforward evidentiary finding. Recently, this federal rule was interpreted in a case out of the 1st District, the Law Offices of Colleen McLaughlin and Firstar. And they referred back to a criminal case from 1981, People v. Bowman. And then in Bowman, they said, we stated our recognition that the accuracy of a duplicate resulting from the reproduction of the contents of an original is in most cases no longer a significant issue. Well, at this time, of course, the federal rule had not been adopted. But the rule, of course, that says a duplicate is admissible to the same extent as an original unless a genuine question is raised as to the authenticity or the circumstances in the circumstances it would be unfair to admit. Well, isn't it arguable here that there is perhaps an issue as to the authenticity or alternatively that it would be unfair to admit this duplicate? No, I don't think there's a reasonable concern over the authenticity of it. I mean, you have a circuit court that examined it and felt confident that this was the second page to it. And if you look at the contents, the internal patterns of the document, they're consistent with each other. You don't think that the defense raised an issue as to the authenticity of that second page? Oh, I think they raised an issue to it, but whether or not it's truly a reasonable one and one that can be sustained. I mean, in this case, they present the issue that we have trouble with the authenticity of it. So what's your next step? You have a circuit court make a ruling. And that's what we have happen. I mean, it wasn't like the court just assumed or just accepted this blindly. It made very specific findings. So, counsel, would you be troubled if, accepting most of your argument, this court decided that a remand for an evidentiary hearing with respect to the warrant for an evident complaint would be required? Oh, you know, there are remands for the limited purposes of suppression hearings. I mean, it's certainly possible to do that. There could be greater testimony on it. An officer in a pulley can come in and testify. That's fine. That's an acceptable way to do it. I don't think it's necessary in this case to do it, because even if you look at the Restoration Act, it doesn't require live testimony. It just requires something to the satisfaction of the circuit court. Here the court was satisfied. So I don't believe we need live testimony. But if this court disagrees with that, then that's an acceptable resolution to it. I think that would actually be better than reversing and finding that the motion should have been granted, because that seems to be going too far on it, especially when all we're discussing is really an evidentiary ruling by the circuit court. Anything further? Nothing more, Your Honors. Thank you. Mr. Carroll. Your Honor, just sort of a point of clarification. The question here isn't whether or not this second page was ever combined with the first page. The question is whether or not it was submitted to the judge. All the scribblings and the time stamps on it just show that it was submitted or at most show that it was submitted to the State's attorney the day beforehand. If it was lost before it was ever given to the judge, the State didn't present any evidence showing that it actually made it from the State's attorney to the judge. Second, the premise of the question … Was there any showing by the defense at any time that the second page wasn't presented other than to just presume a negative? Well, the State stated that the legislator lost the page. I mean, the only documents known to have been submitted to the judge submitted by the State was the warrant and the first page of the complaint. I don't think at that point the defense has the burden of proving that there wasn't another page also submitted. No, but I mean at the motion to suppress, the initial burden, of course, rests with the defense. And in this case, there was this suggestion that the trial court issued a warrant without probable cause.  And it was because there was only a search warrant and a first page. And based on that, the defense argued that the judge lacked probable cause and therefore the warrant should be quashed and accordingly any evidence recovered upon the execution of that should have been suppressed. So after that, the State comes forward with a copy that they argue is an actual duplicate and then they give their reasons about the, you know, legend on all of them. So at that point, once they've presented that information and the court considers it, did the defense then come forward and say, did they present something to suggest that the judge didn't issue a warrant without probable cause? They didn't provide any evidence. I don't think they, I mean, their argument was the State's evidence wasn't sufficient. I don't think they had a burden to supply anything else. But back to the permissive language of the act, rather noted than the